FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | No.   1:25-cv-03131-EFS <br><br> **ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR AN AWARD OF BENEFITS** |

Plaintiff Rebecca L. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when assessing the severe medically determinable impairments, when assessing Plaintiff's testimony, and when analyzing the medical opinions, but the parties disagree about the appropriate remedy. Plaintiff seeks a remand for payment of benefits, while the

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

ORDER - 1

Commissioner seeks a remand for further proceedings. After reviewing the record and relevant authority, the Court remands the case for an award of benefits.

## I.    Background

In February 2021, Plaintiff filed applications for benefits under Title 2 and Title 16, alleging disability due to degenerative disc disease, carpal tunnel syndrome, major depressive disorder, anxiety/panic disorder, attention-deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), fibromyalgia, chronic fatigue syndrome, and obesity.[2] Plaintiff claimed an onset date of September 28, 2020.[3]

Plaintiff's claims were denied at the initial and reconsideration levels.[4] Plaintiff appeared with her attorney for a telephonic hearing before ALJ Laura Valente in March 2023.[5] Plaintiff testified, and

---

[2] AR 381, 384-389, 390-398, 655.

[3] AR 384, 390.

[4] AR 204, 209, 226, 231.

[5] AR 59-86.

ORDER - 2

vocational expert testified.[6] In May 2023, ALJ Valente issued a decision denying benefits.[7] Plaintiff appealed to the Appeals Council, and the Appeals Council issued an Order remanding the case for further proceedings.[8]

Plaintiff appeared with her attorney in June 2024 for a second hearing before ALJ Valente.[9] Plaintiff testified and a vocational expert testified.[10] In September 2024, the ALJ issued a second decision denying benefits.[11] The ALJ found Plaintiff's alleged symptoms were not entirely consistent with the medical evidence and the other evidence.[12] As to medical opinions, the ALJ found:

---

[6] *Id.*

[7] AR 169-196.

[8] AR 197-203.

[9] AR 87-114.

[10] *Id.*

[11] AR 771-800.  Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)-(g), a five-step evaluation determines whether a claimant is disabled.

[12] AR 23-28.

ORDER - 3

- The opinions of state agency physician Norman Staley, MD, with the exception of his opinion that Plaintiff had no limitation in climbing ramps and stairs to be persuasive.

- The opinions of state agency physician Dennis Kukol, MD, and state agency psychologists Gerald Gardner, PhD, and Matthew Comrie, PhD, to be persuasive.

- The opinions of consultative examiner Marquetta Washington, ARNP, with the exception of opined manipulative limitations to be persuasive.

- The opinions of Patrick Metoyer, PhD; Archana Rajan, MD; Suzanne Rodriquez, LICSW; and Melanie Adams, ARNP, to be not persuasive.

- The opinions of Juliet Dennis, OMHNP-BC, to be partially persuasive.[13]

The ALJ also considered the third-party statement of Plaintiff's mother and found it to be not persuasive.[14]

---

[13] AR 28-32.

[14] AR 32.

ORDER - 4

As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2027, and had not engaged in substantial gainful activity since the alleged onset date of September 28, 2020.

- Step two: Plaintiff had the following medically determinable severe impairments: degenerative disc disease, obesity, peripheral neuropathy, anxiety, depression and hyperosmia. She also found that Plaintiff's non-severe and non-medically determinable impairments include migraine headaches, carpal tunnel syndrome, tachycardia, hypertension, irritable bowel syndrome (IBS), and fibromyalgia.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform light work except that:

    [Plaintiff] can sit for 1 hour at a time after which she needs to change positions for a few minutes which she could do from the seated positions but just moving

ORDER - 5

around in her seat and could continue working while moving around. In this manner, she can sit for 6 hours in an 8-hour workday. She can stand and/or walk for 6 hours in an 8-hour workday. She can frequently balance. She can never climb ladders, ropes, or scaffolds. She can do all other postural activities occasionally. With her bilateral upper extremities, she can reach in all direction, fine finger, gross handle, and feel frequently. She must avoid concentrated exposure to hazards. She can work or interact occasionally with coworkers and the public. She can adapt to occasional workplace changes. She would need to be able to alternate between sitting, standing, and walking at will as needed.

- Step four: Plaintiff is unable to perform past relevant work as a teachers aid and home health aid.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a mailroom clerk (DOT 209.687-026), and a photo machine operator (DOT 207.685-104).[15]

Plaintiff timely requested review of the ALJ's decision, arguing that the ALJ committed several errors.

---

[15] AR 19-34.

ORDER - 6

## II.     Analysis

The parties agree the ALJ erred in her assessment of the medical opinions, in her assessment of Plaintiff's testimony, and in her assessment of Plaintiff's fibromyalgia, chronic fatigue, and recurrent headaches.  The parties disagree, however, as to whether the Court should remand for payment of benefits or for more proceedings. As is explained below, the agreed-upon error with regard to the ALJ's consideration of the medical opinion evidence pertaining to manipulative limitations calls for a payment of benefits.

## A.     Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[16] In comparison, in order for the court to consider remand for payment of benefits, three factors must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;

---

[16] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

ORDER - 7

> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[17]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[18]

## B.    Remand Analysis

The second remand factor is satisfied: the parties agree the ALJ failed to provide legally sufficient reasons for finding the opinions of state agency medical expert Dennis Koukol, MD, to be persuasive; in incorrectly reciting that state agency medical expert Norman Staley, MD, found Plaintiff to be capable of frequent manipulative limitations when he had endorsed ARNP Marquetta Washington's opinions; and in

---

[17] *Id.* at 1101. *See Garrison v. Colvin*, 759 F. 3d 995, 1010 (9th Cir. 2014),

[18] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

ORDER - 8

finding that ARNP Washington's opinion that Plaintiff was limited to occasional handling, fingering, and fingering to be not persuasive.[19]

ARNP Washington rendered the opinion on November 19, 2021, after examining Plaintiff at the request of the Commissioner.[20] ARNP Washington noted that she reviewed the prior medical records of John Muir, MD and Paul Kolostyak, MD, both of Kaiser Permanente.[21] ARNP Washinton noted that on examination Plaintiff was able to make a fist, pick up a coin, and use a zipper and button but that she did not untie her shoelaces because it hurts to tie them.[22] On examination, Plaintiff had positive Tinel's and Phalen's bilaterally.[23] Grip strength was 4/5 and there was decreased sensation in both hands to both sharp and round objects.[24] Waddell's sign was negative,

---

[19] ECF Nos. 12, 19.

[20] AR 1608-1618.

[21] AR 1608.

[22] AR 1611.

[23] AR 1612.

[24] AR 1613.

ORDER - 9

indicating that Plaintiff was not malingering in any way.[25] On the basis of her examination, ARNP Washington diagnosed the following:

1. Fibromyalgia. Prognosis > 12 months.
2. Carpal tunnel, bilateral hand. Prognosis > 12 months.
3. Lumbar radiculopathy. Prognosis > 12 months.
4. Low back pain. Prognosis > 12 months.
5. Obesity. Prognosis > 12 months.
6. Tachycardia. Prognosis > 12 months.
7. Neuropathy all fingers, left hand. Prognosis > 12 months.
8. Neuropathy last 3 fingers, right hand. Prognosis > 12 months.
9. Weak hand grip, both hands. Prognosis > 12 months.

She opined that Plaintiff would be limited to light exertion "due to low back pain, weak grip both hands, carpal tunnel both hands, and neuropathy in hands."[26] She opined that Plaintiff would be limited to occasional handling, fingering, gripping, and fingering "due to neuropathy in several fingers in both hands, carpal tunnel in both hands and weak grip in both hands."[27]

---

[25] *Id.*

[26] AR 1614.

[27] AR 1615.

There is no dispute between the parties that Plaintiff had manipulative limitations.[28] The ALJ found peripheral neuropathy to be a severe impairment and acknowledged the need for manipulative limitations in the RFC.[29] In her brief, Plaintiff argues that the ALJ would have been mandated to find Plaintiff disabled had she credited ARNP Washington's opinions regarding manipulative limitations.  She argues:

> Next, concerning her hands, Dr. Rajan explained in 2022 that, even after bilateral CTS surgery, permanent nerve damage limited [Plaintiff] to occasional bilateral handling and reaching and she could have issues with repetitive typing. Tr. 1818. She also had positive Tinel's and Phalen's testing, 4/5 strength, and reduced sensation in her hands, which led ARNP Washington to also assess occasional handling, gripping, fingering, and feeling. Tr. 1613, 1615. Cold immersion testing also revealed left arterial vasospasm. Tr. 1736. The rheumatologist, Dr. Allam opined symptoms were more likely coming from FM or central sensitization (Tr. 1970), although he had also found osteoarthritic changes in her hands, particularly in the proximal interphalangeal (PIP) joints and contributing to pain and stiffness (Tr. 1831). Regardless of the source, the ALJ dismissing her hand disorders as non-severe because of "mild" imaging (Tr. 20) was unsustainable and harmful error as, had she appropriately limited [Plaintiff] to

---

[28] *Id.*

[29] AR 19, 22.

ORDER - 11

occasional manipulative tasks, the VEs testified there was no work in the nation (Tr. 84, 108). *See Molina*, 674 F.3d at 1115.[30]

In her brief, Plaintiff notes that Dr. Staley did not specify a degree of limitation and instead found ARNP Washington's opinion to be consistent with the evidence.[31] Dr. Staley did state that ARNP Washington's opinions were consistent with and supported by the totality of the evidence.[32] He also stated that the opined limitations were not more restrictive than the findings.[33]

What Plaintiff did not cite is the identical language and finding made by Dr. Koukol, that ARNP Washington's opinions were consistent with and supported by the totality of the evidence and that the opined limitations were not more restrictive than the findings.[34] While Dr.

---

[30] ECF No. 12 at 5-6.

[31] ECF No. 12.

[32] AR 122, 134.

[33] *Id.*

[34] AR 150, 162.

ORDER - 12

Koukol did state later that there was a limitation to "frequent" he endorsed ARNP Washington's findings and opinions.[35]

As to the third factor, if the manipulative limitations are credited as true, Plaintiff is correct that she would be considered disabled. The following exchange took place on the record:

> EXAMINATION OF VOCATIONAL EXPERT BY REPRESENTATIVE:
>
> Q  Let's start with the Judge's initial hypothetical.  And if we were to reduce this person to only occasional reaching, handling and fingering and feeling, could they still perform those jobs that you identified?
>
> A  No, they all require frequent reaching, handling and fingering.
>
> Q  Okay.  Would there be any substantial numbers of jobs at the light level with that additional restriction?
>
> A  No.  There are a few occupations out there, counsel, I'm sure you're aware.  But there's not very many different occupations at the light exertional level that only have occasional reaching, handling and fingering.[36]

The third factor for remand-for-benefits is satisfied.

---

[35] AR 152, 164.

[36] AR 108.

ORDER - 13

Finally, as to the first factor, the Court finds that a remand for further proceedings will serve no legitimate purpose. ARNP Washington examined Plaintiff at the Commissioner's request and rendered an impartial opinion which both state agency consultants found was consistent with and supported by the record.  Additionally, the administrative record in this matter is in excess of 2000 pages.   As such, additional administrative proceedings are not needed to develop the record as to Plaintiff's impairments.

### III.   Conclusion

On the basis of the medical opinions and  vocational expert testimony, benefits are to be awarded. Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of benefits**.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 12 and 19**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

ORDER - 14

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 27th  day of March, 2026

_Edward F. Shea_

EDWARD F. SHEA
Senior United States District Judge

ORDER - 15